IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00914-WYD-MJW

ABDELHAK SABIR,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
ROB MATHER, District Director;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DENVER, CO; and
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendants' Motion to Dismiss filed August 1, 2007. Defendants move to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim. Defendants moved to dismiss the claims as to all Plaintiffs. However, by Order of March 18, 2008, Plaintiffs Abdelali Alami, Mohamed Hallouz and Aziz Khan were dismissed from the case as they have now been naturalized. The only remaining Plaintiff is Abdelhak Sabir. For the reasons stated below, the motion to dismiss is denied as to Mr. Sabir.

I.    BACKGROUND

Plaintiff Sabir is an alien who has been granted legal status in the United States. Plaintiff is a citizen of Morocco. On March 16, 2006, he filed an application with the United States Citizenship and Immigration Services ["USCIS"] to be naturalized as a

United States citizenship. After receiving the application, USCIS made a request to the Federal Bureau of Investigation ["FBI"] for it to complete a "name check" as part of its background investigation performed on applicants for naturalization. USCIS made this request on March 31, 2006. USCIS conducted an interview of Mr. Sabir on August 29, 2006.

Plaintiff contends that he meets all the requirements for naturalization and that he passed the requisite English language and United States history and government tests. Defendants contend that the application has not been adjudicated because Mr. Sabir's FBI name check has not yet been completed by the FBI.

Plaintiff filed a Complaint for Writ of Mandamus on May 3, 2007, complaining of the agencies' failure to complete the naturalization process. Plaintiff seeks, among things, an order compelling Defendants "to perform their duty to complete the required background checks and security clearances and to adjudicate Plaintiffs' applications for naturalization and, if approved, to administer the oath of allegiance making them citizens of the United States." (Comp. for Writ of Mandamus at 12.)

II.  ANALYSIS

Defendants contend that the Complaint must be dismissed because this Court has no jurisdiction to review this matter or to order USCIS or the FBI to naturalize Plaintiff. Defendants argue that none of the grounds of jurisdiction relied on by Plaintiff provides jurisdiction. These grounds include: (1) 8 U.S.C. § 1447(b), a provision in the Immigration and Nationality Act; (2) the mandamus statute, 28 U.S.C. § 1361, (3) the

Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*; and (4) the federal question statute, 28 U.S.C. § 1331.

I start with whether the Court has subject matter jurisdiction pursuant to 8 U.S.C. § 1447(b). This statute states in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.[1] Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

*Id.*

The central purpose of § 1447(b), according to the Ninth Circuit, "was to reduce the waiting time for naturalization applicants." *United States v. Hovsepian*, 359 F.3d 1144, 1163 (9th Cir. 2004) (citing H.R. Rep. No. 101-187, at 8 (1985); 135 Cong. Rec. H4539-02, H4542 (1982) (statement of Rep. Morrison)). The Ninth Circuit held that the statute gives the district court jurisdiction over the naturalization applications, and that the court may rule de novo as to whether to grant the application. *Id.* at 1162- and n. 16 (9th Cir. 2004).

In the case at hand, Plaintiff's interview occurred on August 29, 2006. If the interview constitutes the "examination" referred to in § 1447(b), the 120 day time frame is obviously well past. Defendants argue, however, that completion of the examination

---

[1] 8 U.S.C. § 1446 provides, among other things, that an examination must be conducted upon applications for naturalization, and that "[t]he employee designated to conduct any such examination shall make a determination as to whether the application should be granted or denied, with reasons therefor."

is a jurisdictional prerequisite and that the examination includes the FBI background check which is not yet complete. Thus, they argue that the 120 day period in § 1447(b) has not yet begun to run. I disagree.

I first note that a background check does appear to be needed. *See* 8 C.F.R. § 335.2; *see also* Pub. L. 105-119, Title 1, Nov. 26, 1997, 111 Stat. 2448 (providing "[t]hat, during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997"). However, according to the federal regulation, this background check is required *before* the USCIS brings an applicant for naturalization in for an examination. *See* 8 C.F.R. § 335.2(b) entitled "Completion of criminal background checks before examination" ("The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the [FBI] that a full criminal background check of an applicant has been completed.)

Based on the foregoing, the regulatory/statutory framework requires the USCIS to first complete the background check and then bring the applicant in for an interview/examination. Once the examination is completed, regardless of whether the background check has been completed, § 1447(b) provides that the agency has 120

is a jurisdictional prerequisite and that the examination includes the FBI background check which is not yet complete. Thus, they argue that the 120 day period in § 1447(b) has not yet begun to run. I disagree.

I first note that a background check does appear to be needed. *See* 8 C.F.R. § 335.2; *see also* Pub. L. 105-119, Title 1, Nov. 26, 1997, 111 Stat. 2448 (providing "[t]hat, during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997"). However, according to the federal regulation, this background check is required *before* the USCIS brings an applicant for naturalization in for an examination. *See* 8 C.F.R. § 335.2(b) entitled "Completion of criminal background checks before examination" ("The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the [FBI] that a full criminal background check of an applicant has been completed.)

Based on the foregoing, the regulatory/statutory framework requires the USCIS to first complete the background check and then bring the applicant in for an interview/examination. Once the examination is completed, regardless of whether the background check has been completed, § 1447(b) provides that the agency has 120

is a jurisdictional prerequisite and that the examination includes the FBI background check which is not yet complete. Thus, they argue that the 120 day period in § 1447(b) has not yet begun to run. I disagree.

I first note that a background check does appear to be needed. *See* 8 C.F.R. § 335.2; *see also* Pub. L. 105-119, Title 1, Nov. 26, 1997, 111 Stat. 2448 (providing "[t]hat, during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997"). However, according to the federal regulation, this background check is required *before* the USCIS brings an applicant for naturalization in for an examination. *See* 8 C.F.R. § 335.2(b) entitled "Completion of criminal background checks before examination" ("The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the [FBI] that a full criminal background check of an applicant has been completed.)

Based on the foregoing, the regulatory/statutory framework requires the USCIS to first complete the background check and then bring the applicant in for an interview/examination. Once the examination is completed, regardless of whether the background check has been completed, § 1447(b) provides that the agency has 120

days to issue a decision before this Court can assume jurisdiction over the matter. *See Alhassan v. Gonzales*, No. 06-cv-01571-REB-MJW (Order of December 7, 2006) ("USCIS regulations, which require the examination period to be held only after a full criminal background check has been completed . . . , do not allow the USCIS to unilaterally toll petitioner's rights under section 1447(b) simply because it conducts the interview before all necessary security checks have been completed) (citing cases); *Ibrahim v. Dept. of Homeland Security*, No. C-05-139, 2005 WL 2230152, at *3 (S.D. Tex. 2005) ("The USCIS complains that the delay in processing Plaintiff's application is attributable to the FBI, which apparently has been overwhelmed with requests for background checks. However, the USCIS exposed itself to the risk of having § 1447(b) invoked when it failed to follow its regulations (section 335.2(b)).

I further note that the overwhelming majority of cases have held that the interview of the applicant triggers the 120 day time frame, regardless of whether the criminal background check is completed. *See Mahd v. Chertoff*, No. 06-cv-01023-WDM-PAC, 2007 WL 891867, at *2 (D. Colo. 2007); *Al-Farisi v. Mueller*, 492 F. Supp. 2d 335, 337 (S.D.N.Y. 2007); *Lin v. Sec'y, U.S. Department of Homeland Security*, 485 F. Supp. 2d 263, 265 (W.D.N.Y. 2007); *Kheridden v. Chertoff*, No. 06-4792 (SRC), 2007 WL 674707, at *2-5 (D.N.J. 2007); *Hussein v. Gonzales*, 474 F. Supp. 2d 1265, 1267-68 (M.D. Fla 2007); *Juwale v. United States Citizenship and Immigration Services*, No. 06-cv-01837-LTB-MJW, 2007 WL 622227, at *1-2 (D. Colo. 2007); *Aman v. Gonzales*, No. 07-cv-00223-EWN, 2007 WL 2694820, at *3 (D. Colo. 2007); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840-42 (E.D. Va 2006); *Shalan v. Chertoff*, No. 05-

10980-RWZ, 2006 WL 42143, at *1-2, (D. Mass 2006); *Al-Kudsi v. Gonzales*, No. 05-1584-PK, 2006 WL 752556, at *1-2 (D. Or. 2006).[2] In each case, the district court held that the term "examination" referred to the date of the applicant's interview as triggering the 120-day period in which a determination must be made.

I do not find the cases cited by Defendants, including *Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005), persuasive on this issue. Indeed, the overwhelming majority of district courts have rejected these cases. *See Hussein*, 474 F. Supp. 2d at 1267-68. As explained in *Hussein*, "[c]ourts have typically rejected the *Danilov* holding for three reasons." *Id*. at 1268. "First, § 1447(b)'s language that the 120-day period being to run 'after the date on which the examination is conducted, implies that there is a specific date upon which the 'examination' occurs." *Id*. "Second, § 1446 distinguishes between examinations and investigations, thus, the plain meaning of the substantive statute is that the examination is separate and apart from the investigation." *Id*. "Third, [USCIS] regulations contemplate a distinction between the examination and the investigation." *Id*.

Based on the foregoing, I find that the 120 day frame was triggered by the interview of Plaintiff and that the 120 day period has long since run. Accordingly, I find that this Court has jurisdiction over this case pursuant to 8 U.S.C. § 1447(b). Since

---

[2] *See also Daami v. Gonzales*, No. 05-3667 (KSH), 2006 WL 1457862, at *3-6 (D. N.J. 2006); *Meyersiek v. U.S. Citizenship and Immigration Serv.*, No. 05-398 ML, 2006 WL 1582397, at *3-4 (D.R.I. 2006); *Shalabi v. Gonzales*, No. 06CV866 RWS, 2006 WL 3032413, at *3-4 (E.D. Mo. 2006); *Khan v. Chertoff*, No. CV-05-00560-PHX-SRB, 2006 WL 2009055, at *1-2 (D. Ariz. 2006); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 680-83 (W.D. Pa. 2005); *Essa v. U.S. Citizenship and Immigration Serv.*, No. CIV051449, 2005 WL 3440827, at *2 n. 2 (D. Minn. 2005).

§ 1447(b) applies, I need not address the arguments that the Court lacks jurisdiction under the mandamus statute or other grounds alleged in the Complaint.

I now turn to what action should be taken by the Court as part of its jurisdiction. While this was not addressed by Defendants in their motion, Plaintiff argues in the response that the Court should either hold a naturalization hearing or set a firm date for completion of the adjudication process. In reply, Defendants argue that the Court does not have jurisdiction to order the FBI to complete the background checks by a particular date. Further, they argue as to USCIS that § 1447(b) does not grant the Court the authority to expedite the examination process, only the determination that follows the examination—or to direct USCIS to make such an adjudication.

Turning to my analysis, I first note that since I have found that the 120 day time frame in § 1447(b) has run, I have the authority to have a hearing on Plaintiff's application and rule de novo on whether the application for naturalization should be granted. I decline to do so, finding that this is a matter better left to the agency and its expertise in the matter. I find that this is the more sound approach, agreeing with the courts that have held that they do not have the expertise to conduct a criminal background check and determine whether the applicant presents any risk to national security or public safety. *See Khelifa*, 433 F. Supp. 2d at 842-45*; Shalabi v. Gonzales*, No. 06CV866 RWS, 2006 WL 3032413, at *4 (E.D. Mo. 2006); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683-84 (W.D. Pa. 2005). Indeed, I note that this is what the vast majority of courts have done in this situation. This is also in accordance with the "remand rule"—that "[g]enerally speaking, a court . . . should remand a case to an

agency for decision of a mater that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16 (2002).

The issue then becomes whether to remand this case. I find that a remand is appropriate, in accordance with the above cases. I next must address what instructions on remand should be given to the agencies in connection with Plaintiff's application.

I first address the FBI as it is responsible for the name check that is delaying resolution of Plaintiff's application. 8 U.S.C. § 1447(b) appears to refer only to the USCIS, not the FBI. Thus, I find that this statute does not provide authority for the Court to compel the FBI to act by a certain time frame regarding the name checks. As to the other grounds relied on by Plaintiff, it is unclear whether these other grounds give the Court the authority to order the FBI to expedite the Plaintiff's name check. Courts that have analyzed the issue are in conflict, some finding that the court has the authority to do so and some disagreeing. *See Lazli v. U.S. Citizenship and Immigration Servs.*, No. 05-CV-1580-BR, 2007 WL 496351, at *16-19 (D. Or. 2007) and *Khdir v. Gonzales*, No. 07-cv-00908-MSK-MEH, 2007 WL 3308001, at *2-3 and n. 4 (D. Colo. 2007) (both finding that the court had the authority under the mandamus statute to order the FBI to complete the name check) with *Shalabi v. Gonzales,* No. 4:06CV866 RWS, 2006 WL 3032413, at *5 (E.D. Mo. 2006) (finding that the mandamus statute did not permit the court to compel the FBI to complete Shalabi's background check since plaintiff could not establish that the FBI owes him a clear nondiscretionary duty).[3]

---

[3] Other courts have ordered the FBI to complete the name checks within a specific time frame based either on a proposal by the FBI for such action or based on very little analysis of the authority that gives rise to such an order. *See, e.g., Assan v. Gonzales*, No. 05-cv-01571-REB-MJW (Order of

As to the USCIS, I note that it is unclear on remand whether the USCIS has the authority to ask the FBI to complete name checks. *Cf. Khdir v. Gonzales*, No. 07-cv-00908-MSK-MEH, 2007 WL 3308001, at * 2-3 and n. 4 (D. Colo. 2007) and *Aman*, 2007 WL 2694820, at *5. USCIS clearly, however, has the authority to request that the FBI expedite name checks as it did so in this and other cases.

I find that the best course of action at this point is to remand this case to the USCIS with the direction that it use its best efforts to determine the status of Plaintiff's name check and that it take whatever action at its disposal to affirmatively expedite this process with the FBI. The FBI is also ordered to use its best efforts to complete the name check and take whatever action at its disposal to affirmatively expedite this process. Until the results of the FBI name check are received by USCIS and the application of Plaintiff has been adjudicated, Defendants are directed to file a status report every **30 days** as to the status of Plaintiff's name check and Defendants' efforts to obtain the results of the name check, including correspondence and any other relevant documents. Once USCIS receives the completed name check, it is directed to make a decision on Plaintiff's naturalization application as expeditiously as possible, but no later than sixty days after receipt of the name check results. USCIS shall notify this Court as soon as a determination has been made on Plaintiff's naturalization application.

---

December 7, 2006) (ordering the FBI to complete the name check within 60 days based on the respondents' proposal in their motion to remand); *Negam v. United States*, 480 F. Supp. 2d 877, 880-84 (N.D. Tex. 2007) (ordering the FBI to complete the name check within 90 days with limited analysis of jurisdiction to do so).

Based on the foregoing, while on remand this case will remain open so that I can oversee the adjudication process by the Defendants. Should a decision not be forthcoming on Plaintiff's application in a reasonable time, I will consider alternative remedies.

III.	CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Dismiss (filed August 1, 2007) is **DENIED** as to the remaining Plaintiff in this case. It is

FURTHER ORDERED that this case is **REMANDED** to the United States Citizenship and Immigration Service and the Federal Bureau of Investigation. However, the case will remain pending in this Court during the remand process. It is

FURTHER ORDERED that the United States Citizenship and Immigration Service shall use its best efforts to determine the status of Plaintiff's name check and that it take whatever action at its disposal to affirmatively expedite this process. The Federal Bureau of Investigation shall also use its best efforts to complete the name check and take whatever action at its disposal to affirmatively expedite this process. Until   Until the results of the name check are received by United States Citizenship and Immigration Service and Plaintiff's application has been adjudicated, Defendants are directed to file a status report every **30 days** in this case as directed in this Order. Once the United States Citizenship and Immigration Services receives the completed name check, it shall make a decision on Plaintiff's naturalization application as expeditiously as possible, but no later than sixty days after receipt of the

name check results. United States Citizenship and Immigration Service shall notify this

Court as soon as a determination has been made on Plaintiff's application.

Dated: March 19, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge